# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00044-MR
# [CRIMINAL CASE NO. 1:10-cr-00053-MR-1]

| | |
|---|---|
| GERARDO VILLALON HERNANDEZ,<br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | **CORRECTED ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

Petitioner Gerardo Villalon Hernandez moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing, in part, that his trial counsel, Tony E. Rollman, failed to file a notice of appeal of this Court's judgment, notwithstanding Petitioner's request that he do so. Respondent filed a Response on December 31, 2012. [Doc. 5]. Respondent concedes in the Response that this Court should grant in part Petitioner's motion to vacate, enter an amended judgment permitting

Petition to file a timely notice of appeal, and dismiss Petitioner's remaining claims without prejudice.

## I. BACKGROUND

On August 17, 2010, Petitioner Gerardo Villalon Hernandez was indicted by the Grand Jury for the Western District of North Carolina for illegal reentry into the United States by a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(1) (Count One). [Crim. Case No. 1:10-cr-00053-MR-1, Doc. 1]. Thereafter, on October 7, 2010, Petitioner entered a straight-up guilty plea to Count One, at which time the Court conducted a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. [Id., Doc. Entry, Oct. 07, 2011]. On March 17, 2011, this Court conducted Petitioner's sentencing hearing, during which Petitioner, who was represented by retained counsel, was sentenced to 57 months' imprisonment. [Id., Doc. 19]. This Court entered Judgment on March 22, 2011, and Petitioner did not appeal. [Id., Doc. 20]. On March 6, 2012, Petitioner filed the pending motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel based on (1) counsel's failure to file a notice of appeal on Petitioner's behalf, (2) counsel's failure to file a motion for downward

departure, and (3) the entry of an unintelligent guilty plea based on the faulty advice of counsel during the plea process. [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Here, Petitioner alleges that after his sentencing on March 17, 2011, he instructed counsel to file an appeal on his behalf and that he "left the courtroom believing that [his] attorney was going to file the appeal." [Doc. 1-2 at 3]. Petitioner also claims that he never heard anything from his attorney after that date, that he subsequently wrote a letter to this Court's Clerk, inquiring about the status of his appeal, and that in response he received a copy of his docket sheet with the notation, "[w]e don't see a Notice of Appeal." [Doc. 1-1 at 3]. Petitioner contends that counsel was

ineffective for failing to file a notice of appeal on Petitioner's behalf after Petitioner instructed counsel to do so.

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights. See Evitts v. Lucey, 469 U.S. 387, 391-405, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact. See Poindexter, 492 F.3d at 273. If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied. See id.

In its Response to Petitioner's motion to vacate, the Government asserts that even if it were to file a response supported by an affidavit in which Petitioner's former attorney denies that Petitioner requested that he file an appeal, at a minimum a factual dispute would still exist over whether

Petitioner requested his counsel to file a direct appeal.  Respondent contends, therefore, that the appropriate remedy is for the Court to vacate the original judgment and enter a new judgment from which an appeal may be taken.  Respondent contends, additionally, that Petitioner's remaining claims should be dismissed without prejudice to his right to file another Section 2255 motion, if necessary, after a direct appeal.  See United States v. Killian, 22 F. App'x 300, 301 (4th Cir. 2011) ("Because [Petitioner] has never had a direct appeal, . . . taking further action on [his] motion beyond granting [the] Peak claim [would be] inappropriate.").

The Court agrees with Respondent that the Court's resources would best be served by granting the motion to vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so.  The Court will, therefore, vacate the original judgment and enter a new judgment from which an appeal may be taken, and the Court will dismiss Petitioner's remaining claims without prejudice.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals.  Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North

Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of Conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate with respect to his claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf. The Court will amend the judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. The Court dismisses without prejudice the remaining claims in the petition.

**IT IS, THEREFORE, ORDERED** that:

1. The petition is **GRANTED** as to Petitioner's claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf.

2. The Court shall amend the judgment consistent with this Order, so that Petitioner may file a Notice of Appeal to the Fourth Circuit Court of Appeals.

3. Petitioner's remaining claims are **DISMISSED WITHOUT PREJUDICE** to Petitioner refiling such claims after the Fourth Circuit has adjudicated Petitioner's claims on appeal.

**IT IS SO ORDERED.**   Signed: January 30, 2013

Martin Reidinger
United States District Judge